UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRON M. GIBBS,<br><br>     Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN,<br><br>     Defendant. | NO:  CV-13-0326-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 17 and 19.  This matter was submitted for consideration without oral argument. Plaintiff was represented by Rebecca M. Coufal. Defendant was represented by Daphne Banay.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Motion for Summary Judgment.

## JURISDICTION

Plaintiff Bron M. Gibbs protectively filed for disability insurance benefits and supplemental security income ("SSI") on February 1, 2010. Tr. 278-283. In both applications, Plaintiff initially alleged an onset date of May 21, 2008 (Tr. 278, 280), but at the hearing Plaintiff amended the alleged onset date to January 16, 2010 (Tr. 116).[1] Benefits were denied initially and upon reconsideration. Tr. 188-191, 206-215. Plaintiff requested a hearing before an administrative law judge ("ALJ"). Tr. 216. An initial hearing was held before ALJ Caroline Siderius on June 28, 2011 (Tr. 96-112), and a supplemental hearing was held before ALJ Donna W. Shipps on September 28, 2011 (Tr. 113-163). Plaintiff was represented by counsel and testified at the supplemental hearing. Tr. 121, 138-149. Medical expert Daniel H. Wiseman (Tr. 122-136) and vocational expert Deborah LaPoint (Tr. 150-162) also testified. The ALJ denied benefits (Tr. 72-91) and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

---

[1] Plaintiff filed a prior application for disability insurance benefits and SSI on September 19, 2008, and the ALJ issued an unfavorable decision on January 15, 2010. Tr. 164-177. That unfavorable decision is pending before the Appeals Council, therefore, the ALJ in this case "has jurisdiction to address the time period from January 16, 2010 to the present." Tr. 75.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 35 years old at the time of the hearing. Tr. 121. He completed the tenth grade and did not get his GED. Tr. 121. Plaintiff testified that he did previous work transplanting trees and in construction (Tr. 138-139); and the vocational expert testified at he had past relevant work experience as a laborer, sales attendant in a lumberyard, harvester, landscape laborer, and a shipping and receiving clerk (Tr. 152-153). Plaintiff stopped working due to back and hip pain, and was diagnosed with ankylosing spondylitis. Tr. 139-141. He testified that when he wakes up his pain is a nine out of ten, and after taking pain medication it is a five out of ten. Tr. 143. Plaintiff can only stand for ten or fifteen minutes at a time, can only walk for half a block, and can only sit for ten minutes without getting up. Tr. 144-146. Plaintiff reported that he tried to do physical therapy but it caused a lot of pain; and was unable to do water therapy because of a rash. Tr. 140. He was taking medication for depression but was not sure it helped, and was unable to attend counseling. Tr. 147-148.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

### FIVE–STEP SEQUENTIAL EVALUATION PROCESS

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the

claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in

the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

If the claimant is capable of performing past relevant work, the Commissioner

must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f).

If the claimant is incapable of performing such work, the analysis proceeds to step

five.

    At step five, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing other work in the national economy. 20

C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the

Commissioner must also consider vocational factors such as the claimant's age,

education and work experience. *Id.* If the claimant is capable of adjusting to other

work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other

work, the analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits. *Id.*

    The claimant bears the burden of proof at steps one through four above.

*Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If

the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy." 20 C.F.R. § §

404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

ALJ'S FINDINGS

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2011. Tr. 77. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 16, 2010. Tr. 77. At step two, the ALJ found Plaintiff has medically determinable impairments of back pain and depression; but "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq*. and 416.921 *et seq*.)." Tr. 77.

> In the alternative, [at step two and three], if the undersigned considered the claimant's back pain and depression as severe impairments pursuant to 20 CFR 404.1520(c) and 416.920(c) and the claimant's testimony, the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpt. P, App'x 1.

Tr. 83. The ALJ then determined Plaintiff has the following RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) where he could occasionally lift and/or carry up to twenty pounds, including upward pulling. He can frequently lift and/or carry including upward pulling up to ten pounds frequently. The claimant can stand or walk up to six hours each in an eight-hour day with normal breaks and sit up to six hours in an eight-hour day with normal breaks. There are no limitations on pushing and pulling. Moreover, the claimant's postural limitations are frequently balancing and occasionally climbing stairs, climbing ramps, stooping, crouching and crawling. The claimant should not climb ladders, ropes or

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

scaffolds. There are no manipulative limitations, no visual limitations, no communicative limitations, and no environmental limitations other than a limitation to occasional exposure to hazards such as machinery and/or heights. The claimant has the basic mental ability for competitive remunerative work and an ability to perform work activities on a sustained basis. He can understand, remember and carryout simple instructions, respond appropriately to supervisors and coworkers, and in usual work settings handle routine changes. The claimant may occasionally (33 percent) have attention and concentration issues and works best in entry level unskilled simple work. He has the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. He also can perform at a consistent pace without an unreasonable number and lengths of rest periods. He may have occasional distraction and he would work best with superficial public contact that is routine in nature, with proximity to but not close cooperation with others. Last, he is capable of entry-level work with assistance in goal setting.

Tr. 83-84. At step four, the ALJ found Plaintiff is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). Tr. 84. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. Tr. 85. Thus, the ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, from January 16, 2010 through the date of his decision. Tr. 86.

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ erred in improperly rejecting the claimant's subjective complaints; (2) the ALJ erred in improperly rejecting the medical opinions of examining psychologist Dr. Samantha

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

Chandler and treating physician assistant Charlotte S. Ainge; (3) the ALJ erred at step two by not finding pain disorder and anxiety to be severe impairments; and (4) the ALJ erred by posing an incomplete hypothetical to the vocational expert. ECF No. 17 at 11-20. Defendant argues: (1) the ALJ provided specific, clear and convincing reasons to reject Plaintiff's subjective complaints; (2) the ALJ provided proper reasons to reject Dr. Chandler and Ms. Ainge's medical opinions; (3) the ALJ did not err at step two; and (4) the ALJ posed a sufficient hypothetical to the vocational expert. ECF No. 19 at 8-24.

## DISCUSSION

## A. Credibility

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's statements about his or her symptoms alone will not suffice. *Id*. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.*  Absent any evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d 661, 672 (9th Cir.2012) (quotation and citation omitted).

The ALJ did not identify any evidence of malingering in this case.  Plaintiff contends that the ALJ failed to make proper findings regarding Plaintiff's reports of pain. ECF No. 17 at 15-16. As specifically noted by the ALJ, Plaintiff testified that since 2008 he was unable to work because he was "always" in pain from his hips down his legs. Tr. 139-40. He testified that his pain is generally a nine on a scale of one to ten, but with pain medication it goes down to a five. Tr. 143.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

Plaintiff reported that he can only stand for ten minutes before the pain level would increase (Tr. 144), he could walk half a block before having to sit down (Tr. 146), he has to move around after sitting for ten minutes (Tr. 146), and he does not attempt to carry anything (Tr. 147). The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not fully credible." Tr. 80. The ALJ listed multiple reasons supporting this adverse credibility finding.  However, these reasons are not clear, convincing, and supported by substantial evidence.

The ALJ found that "[a]lthough the inconsistent information provided by the claimant may not be the result of a conscious intent to mislead, the inconsistencies suggest the information provided by the claimant generally may not be entirely reliable." Tr. 80. In evaluating credibility, the ALJ may consider inconsistencies in Plaintiff's testimony or between his testimony and his conduct. *Thomas*, 278 F.3d at 958-59; *see also Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may consider prior inconsistent statements concerning symptoms in considering credibility). First, the ALJ found Plaintiff's testimony that he was unable to do water therapy because of a rash all over his body (Tr. 140) was inconsistent with "treatment notes in 2011 show[ing] that he was experiencing improvement with pain in his hip and back after participating in 'aqua therapy.' In fact, he stated he wanted to continue this recommended treatment and it was noted water therapy

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

was the 'most helpful.'" Tr. 79 (citing Tr. 472, 517). A review of the medical records shows that Plaintiff sought medical attention for the rash in January 2010 and indicated that the onset of the rash was several months before the alleged onset date of January 16, 2010. Tr. 359. The court fails to see how Plaintiff's statement that he experienced improvement in his pain at some unidentified previous date due to water therapy (Tr. 472, 517), and his hope to continue treatment at a later date, are inconsistent with his testimony that he was unable to participate in water therapy due to his rash. This reason is not supported by substantial evidence.

Second, the ALJ found it inconsistent that Plaintiff "would deny alcohol use to his treating source that prescribed medications, but admitted to Arthritis NW he drinks weekly and has never been advised to cut down on drinking." Tr. 80 (citing Tr. 535). Conflicting statements about substance abuse may support an ALJ's "negative conclusions about [Plaintiff's] veracity." *Thomas*, 278 F.3d at 959; *see also Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (an ALJ may discredit a claimant's allegations based on relevant character evidence). However, the record cited by the ALJ wherein Plaintiff "admits" to drinking two alcoholic beverages per week was dated December 2, 2009. Tr. 534. Not only is this evidence from well before the alleged disability onset date in this case, but the relevant treating source records generally reflect that Plaintiff did report a history of occasional alcohol use (Tr. 359, 376, 380) which is consistent with his report back in 2009 of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

two drinks per week (Tr. 534). In addition, at least one record in October 2010

does indicate a context of alcohol use. Tr. 450. As above, this reason is not clear,

convincing and supported by substantial evidence.

Directly after noting this alleged inconsistency regarding alcohol use, the

ALJ offered the following commentary:

> The undersigned is sure that had the claimant been forthright that he used alcohol together with narcotics, such as Morphine, Methadone and mental health medications, he would have been advised to refrain from drinking alcohol. (See Ex. B24F) The undersigned was also left with the impression, the claimant's use or dependence on pain medication influenced his allegations of severe pain symptoms and but for his use of those combined medications his functioning would improve. There is no objective evidence supporting the combination of medications he is prescribed.

Tr. 80. It is inappropriate for the ALJ to substitute his own medical judgment for

that of medical professionals. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th

Cir. 1999); *see also Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (ALJ "must

not succumb to the temptation to play doctor and make [his or her] own

independent medical findings"). The record cited by the ALJ in support of this

finding (B24F) is merely a list of the medications being taken by Plaintiff in

September 2011, and the ALJ does not refer to any medical opinion supporting the

assumption that Plaintiff should refrain from drinking alcohol while taking these

medications. Tr. 605. After an exhaustive review of the record, the court was

unable to find a single record indicating that Plaintiff was advised to stop drinking

while taking those medications. Similarly, the ALJ does not cite, nor does the court

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
14

discern, any evidence in the record supporting the ALJ's "impression" that "but for" Plaintiff's use of his *prescribed* medications, his functioning would improve. Tr. 80. The court is perplexed by the ALJ's reference to the lack of "objective evidence supporting the combination of medications [Plaintiff] is prescribed." Tr. 80. While Plaintiff ultimately decides which medication he will take, it is inherently unfair to utilize the combination of medications properly prescribed by medical professionals as a reason to reject Plaintiff's credibility. In fact, the record shows Plaintiff refused certain medications, and stopped taking medications that he could not tolerate. Tr. 377, 390, 405, 410, 411, 449, 471, 472, 515. For all of these reasons, this speculative reasoning is not clear, convincing or supported by substantial evidence.

Third, the ALJ found that "even with the use of several pain medications and trying physical therapy the claimant alleged worsening conditions. The claimant would allege worsening conditions while stating he benefitted from the use of Hydrocodone and water therapy. The claimant's inconsistent statements and record evidence strongly suggest the claimant has exaggerated symptoms and limitations." Tr. 81. Again, an ALJ may consider inconsistencies when weighing Plaintiff's credibility. *Thomas*, 278 F.3d at 958-59. Further, exaggeration of symptoms is a specific and convincing reason to discredit a claimant's testimony. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). However, the ALJ

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
15

does not cite to any evidence of exaggeration of symptoms in the medical record.

Plaintiff explained that he was unable to participate in water therapy at the time of

the hearing due to a rash all over his body. Tr. 140. Moreover, Plaintiff's statement

that he benefited most from the use of hydrocodone was made in 2009, well before

the adjudicatory period of Plaintiff's claim. Tr. 538. The court fails to see

inconsistency between alleging an overall worsening of Plaintiff's condition, and

simultaneously identifying certain treatments that provide some benefit. This

reason is not specific, clear and convincing.

In addition to these alleged inconsistencies, the ALJ also rejected Plaintiff's

credibility because he "testified he has complied with recommended treatment

without success for either his physical or mental health conditions. Then at other

times [Plaintiff] would assert increased pain symptoms but also refuse medications

recommended by his treating sources. Initially, he would also refuse referrals for

psychiatry and medication." Unexplained, or inadequately explained, failure to

seek treatment or follow a prescribed course of treatment may be the basis for an

adverse credibility finding unless there is a showing of a good reason for the

failure. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). However, an ALJ "must

not draw any inferences about an individual's symptoms and their functional

effects from a failure to seek or pursue regular medical treatment without first

considering any explanations that the individual may provide, or other information

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
16

in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." Social Security Ruling ("SSR") 96-7p at *7 (July 2, 1996), available at 1996 WL 374186. Here, the ALJ does not appear to consider Plaintiff's testimony that his state health insurance only covered mental health treatment at Spokane Mental Health, and Spokane Mental Health would not accept Plaintiff for treatment. Tr. 148. Moreover, while the ALJ correctly notes that Plaintiff declined certain medications, she does not consider Plaintiff's consistent consent to take medications including clonazepam (Tr.466), klonopin (Tr. 515), a trial of zyprexa (Tr. 400), a trial of cymbalta (Tr. 513), and a trial of welbutrin (Tr. 514). Plaintiff reported that he did not tolerate several of these medications. Tr. 515. Overall, the record indicates that Plaintiff frequently visited medical professionals seeking treatment for both mental and physical issues during the adjudicatory period. The ALJ's rejection of Plaintiff's credibility based on this reason was error.

Finally, the ALJ found a "lack of objective medical evidence supporting the claimant's subjective allegations." Tr. 80. Subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, however, medical evidence is a relevant factor in determining the severity of a claimant's disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  In support of this reasoning, the ALJ refers to the *absence* of mental health

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

records to support Plaintiff's claims of mental health conditions; and the lack of medical records from Spokane Mental Health "confirm[ing] Plaintiff's allegations" that he was not accepted as a patient at that facility after he was referred to counseling. Tr. 79-81. In addition, the ALJ appears to rely heavily on the opinion of the medical expert Dr. Daniel Wiseman, who testified that after reviewing the objective medical evidence he did not see a correlation between Plaintiff's allegations of pain and the physical findings in the record. Tr. 81, 130. However, the ALJ does not provide citations to any specific medical records that do not corroborate Plaintiff's allegations of pain. While relevant and properly considered by the ALJ, Plaintiff's subjective complaint of pain cannot be dismissed solely on this basis; nor is this reason specific, clear and convincing.

The court finds the ALJ's reasons for making an adverse credibility finding in this case were not specific, clear and convincing. On remand, the ALJ must make a proper determination of credibility supported by substantial evidence.

**B. Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009)(quotation and citation omitted). Additionally, courts have recognized conflicting medical evidence, the absence of regular medical treatment during the period of disability, and the lack of medical support for doctors' reports based substantially on the claimant's subjective complaints of pain as specific and legitimate reasons to reject a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs*., 44 F.3d 1453, 1463-64 (9th Cir. 1995). Plaintiff contends that the ALJ improperly rejected the opinions of his medical

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

providers, including: examining psychologist Dr. Samantha Chandler, and treating

physician assistant Charlotte S. Ainge. ECF No. 17 at 11-15.

    1. <u>Dr. Samantha Chandler</u>

Dr. Chandler examined Plaintiff once in September 2010 and completed a

psychological diagnostic evaluation, but did not complete a mental medical source

statement identifying levels of functioning in certain areas of work functioning. Tr.

416-20. She opined as follows:

> Though [Plaintiff's] history supports an ability to interact appropriately with
> supervisors, coworkers, and the public, his emotional distress may disrupt
> his current ability in this area. He had difficulty in the areas of short delay
> and working memory; concentration; his ability to follow short simple
> instructions; and executive functioning. His abstract reasoning seems limited
> and concrete.... Evidence suggests he may have difficulty adapting and
> functioning appropriately within a work setting and sustaining concentration
> and attention over the course of a traditional workday.

Tr. 420. The ALJ rejected Dr. Chandler's opinion because

> when the claimant appeared for treating sources he had appropriate affect,
> no tearfulness or significant symptoms. Thus, the opinion from consultative
> examiner Samantha Chandler, Psy.D. was accorded less weight because of
> inconsistency of his presentation at that exam versus the longitudinal
> notations of non-severity made in the treating source notes regarding his
> mental health condition.

Tr. 82. Plaintiff argues that the ALJ failed to properly consider the consultative

psychologist's opinion. ECF No. 17 at 13-15.

Defendant correctly notes that Dr. Sean Mee, PhD., a nonexamining state

agency reviewer, similarly opined that Plaintiff's presentation when examined by

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
20

Dr. Chandler was different than that recorded by his treating sources. Tr. 433.

However, this argument is inapposite because the ALJ did not single out Dr. Mee's

opinion in her decision, but rather grouped it together with the RFC conclusions

reached by all the state agency employed physicians, and referred to these opinions

only as deserving "some weight, particularly in a case like this in which there exist

a number of other reasons to reach similar conclusions." Tr. 82. This court reviews

"only the reasons provided by the ALJ in the disability determination and may not

affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d

625 (9th Cir. 2007)(citing *Connett v. Barnhart*, 30 F.3d 871, 874 (9th Cir. 2003)).

Here, the only reason given by the ALJ to reject Dr. Chandler's opinion is

"inconsistency of his presentation at [Dr. Chandler's] exam versus the longitudinal

notations of non-severity made in the treating source notes regarding his mental

health condition." Tr. 82.

An ALJ may reject a physician's opinion that unsupported by the record as a

whole, or by objective medical findings. *Tonapetyan*, 242 F.3d at 1149. However,

when explaining his reasons for rejecting medical opinion evidence, the ALJ must

do more than state a conclusion, rather, the ALJ must "set forth his own

interpretations and explain why they, rather than the doctors', are correct."

*Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "This can be done by setting

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
21

out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*.

In support of her rejection of Dr. Chandler's opinion, the ALJ does not cite a single record, nor does she summarize conflicting clinical evidence to support her finding. *See* Tr. 82. Moreover, while the court acknowledges that a portion of Plaintiff's medical records do not contain mental health complaints (Tr. 361, 364, 381, 385, 389, 452, 522, 602-03), the ALJ's reasoning that the "longitudinal" treating source notes indicated a non-severe mental health condition is plainly not supported by substantial evidence. After an exhaustive review of the record, the court identified copious evidence from treating sources identifying consistent treatment for mental health issues, including: depression, anxiety, affective disorder, and bipolar disorder. Tr. 375, 397, 400, 402-05, 407, 411, 450, 455, 465-66, 468, 472, 512-15, 536, 611-13, 635, 650, 655-56. Thus, the ALJ did not give specific and legitimate reasons, supported by substantial evidence, to reject Dr. Chandler's opinion. This legal error was particularly glaring as Dr. Chandler's evaluation was the sole opinion from an examining or treating mental health professional in the entire record. The ALJ must reconsider this opinion upon remand. [2]

---

[2] Plaintiff briefly claims that the ALJ erred by failing to recontact Dr. Chandler and/or send him for an additional consultative consultation. ECF No. 17 at 12-14.

2.  <u>Charlotte S. Ainge, PA-C</u>

Ms. Ainge consistently treated Plaintiff during the adjudicatory period. Tr. 397-415, 445-454, 463-475, 497-509, 512-523, 599-604. She wrote a letter in April 2011 stating that "[r]eferrals to medical specialties have offered no new pain relief measures" from Plaintiff's ankylosing spondylitis, and opining that "[d]ue to continuing debilitating effects of his disorder, [Plaintiff] is not able to fulfill employment demands." Tr. 495. According to Ms. Ainge, Plaintiff is "a young man who, until his pain became debilitating, worked hard to support his young family." Tr. 495.

As a physician assistant, Ms. Ainge is not an "acceptable medical source" within the meaning of 20 C.F.R. § 416.913(a). Instead, Ms. Ainge qualifies as an "other source" as defined in 20 C.F.R. § 416.913(d). *Molina v. Astrue*, 674 F.3d

---

However, the court need not address this argument because it is not argued with specificity in Plaintiff's brief. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Moreover, Plaintiff does not identify any ambiguity or insufficiency in the record that would trigger the ALJ's duty to further develop the record either by re-contacting Dr. Chandler or obtaining an additional consultative mental health examination. *See Tonapetyan*, 242 F.3d at 1150; *Bayliss*, 427 F.3d at 1217 (duty to recontact a doctor only triggered if doctor's report is ambiguous or insufficient for ALJ to make a disability determination).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23

1104, 1111 (9th Cir. 2012). The ALJ need only provide "germane reasons" for disregarding Ms. Ainge's opinion. *Molina*, 674 F.3d at 1111. However, the ALJ is required to "consider observations by nonmedical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987). Factors for considering opinion evidence from "other sources" include: length and nature of treatment relationship; how well the source explains an opinion and presents evidence in support of the opinion; how consistent the opinion is with medical evidence; and whether the source has a specialty or expertise. SSR 06-03p (Aug. 9, 2006), *available at* 2006 WL 2329939 at *4.

Plaintiff argues that the ALJ improperly rejected Ms. Ainge's opinion solely because she "is not a doctor," and relied instead on the opinion of the medical expert. ECF No. 17 at 21-13. Plaintiff fails to recognize several additional reasons given by the ALJ in deciding to give Ms. Ainge's opinion "little weight." Tr. 79. However, as discussed below, these reasons were not specific and germane. First, the ALJ cites an alleged inconsistency between Ms. Ainge's opinion that Plaintiff was a "totally disabled individual" and treatment notes that encouraged Plaintiff to exercise daily, whether using a stationary bike or walking, and participate in water therapy. Tr. 79. Consistency with the medical record as a whole, and between a treating physician's opinion and his or her own treatment notes, are relevant factors when evaluating a treating physician's medical opinion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 24

*See Bayliss*, 427 F.3d at 1216 (discrepancy between treating physician's opinion and clinical notes justified rejection of opinion). However, the court cannot discern how a health professional's encouragement of daily exercise when possible (Tr. 516-17, 522) and return to water therapy that was "most helpful but really hurts the next day" (Tr. 517); is inconsistent with opining that Plaintiff was "unable to fulfill employment demands" of a normal workday. This is not a germane reason to reject Ms. Ainge's opinion.

The ALJ additionally reasons that Ms. Ainge's opinion "as a non-acceptable source, is not supported by the objective medical evidence, as described by the medical expert's testimony who had the benefit of the entire record for review." Tr. 79. An ALJ may reject a treating professional's opinion that is unsupported by the record as a while, or by objective medical findings. *Tonapetyan*, 242 F.3d at 1149. However, the ALJ in this case does not cite to the record as a whole, nor does she offer specific objective medical findings that do not support Ms. Ainge's opinion. Rather, the ALJ appears to rely entirely on the medical expert, Dr. Daniel Wiseman, M.D.'s, opinion of the objective medical evidence. Defendant argues that the fact that Dr. Wiseman's opinion is from an "acceptable medical source," "*may* justify giving that opinion greater weight than an opinion from a source who is not an acceptable medical source because acceptable medical sources are the most qualified health care professionals." ECF No. 19 at 14 (emphasis added).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 25

However, the same SSR cited by Defendant in support of this argument also emphasizes that opinions from all medical sources must be weighed "depending on the particular facts in a case, and after applying the factors for weighing opinion evidence …. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an 'acceptable medical source' if he or she has seen the individual more often…." SSR 06-03p, *available at* 2006 WL 2329939 at *5. Here, Ms. Ainge saw the Plaintiff on an ongoing and consistent basis (Tr. 397-415, 445-454, 463-475, 497-509, 512-523, 599-604), as opposed to Dr. Wiseman who never treated or examined Plaintiff. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)("[t]he opinion of a nonexamining physician cannot *by itself* constitute substantial evidence that justifies the rejection of the opinion of either an examining or a treating physician"). The ALJ did not appear to consider this or other factors for weighing "other source" opinions. This was not a germane reason to reject the opinion of treating "other source" Ms. Ainge.

Finally, the ALJ notes that findings of "'cannot work,' 'is disabled' or 'is unemployable' by even a treating doctor, which PAC Ainge is not, is not given controlling weight or given special significance because the determination of disability under the Social Security Act are reserved to the Commissioner." Tr. 79. The regulations are clear that the Commissioner is "responsible for making the determination or decision about whether you met the statutory definition of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 26

disability .... A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. §§ 404.1527(d), 416.927(d); *see also* §§ 404.1527(e)(3), 416.927(e)(3)("[w]e will not give any special significance to the source of an opinion on issues reserved to the Commissioner."). While it was not legal error for the ALJ to disregard Ms. Ainge's opinion specifically as to Plaintiff's capacity to maintain employment; this is not a germane reason to reject Ms. Ainge's *medical* opinion.

In this case, the ALJ improperly rejected the opinions of Dr. Chandler and Ms. Ainge, without providing the requisite reasons supported by substantial evidence. As a result, remand is required for proper analysis of these opinions.

**C. Step Two**

At step two of the sequential process, the ALJ must determine whether Plaintiff suffers from a severe impairment. 20 C.F.R. § 416.920(a). To be considered 'severe,' an impairment must significantly limit an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment that is 'not severe' must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities. SSR 96-3P, 1996 WL 374181 at *1 (July 2, 1996). Basic work activities include "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 27

sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. §

404.1521(b).

Plaintiff bears the burden to establish the existence of a severe impairment

or combination of impairments, which prevent him from performing substantial

gainful activity, and that the impairment or combination of impairments lasted for

at least twelve continuous months. 20 C.F.R. §§ 404.1505, 404.1512(a); *Edlund v.

Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2011). However, step two is "a de

minimus screening device [used] to dispose of groundless claims." *Smolen*, 80

F.3d at 1290. "Thus, applying our normal standard of review to the requirements of

step two, we must determine whether the ALJ had substantial evidence to find that

the medical evidence clearly established that [Plaintiff] did not have a medically

severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d

683, 687 (9th Cir. 2005).

The ALJ found "in the alternative" that Plaintiff's back pain and depression

were severe impairments. Tr. 83. Plaintiff argues that the ALJ's failure to find

Plaintiff's pain disorder and anxiety as severe impairments at step two was not

supported by substantial evidence in the record. ECF No. 17 at 17-18. Defendant

responds that the ALJ properly found that "there are no mental health records to

support the claimant's allegations of a disabling mental health condition. Treating

notes indicated the claimant had mild symptoms related to depression and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
28

anxiety." ECF No. 19 at 20-21 (citing Tr. 81). However, as discussed above, the

medical evidence demonstrates that Plaintiff regularly received treatment for his

mental health complaints, including depression, anxiety, and bipolar disorder, from

treating medical professionals. Tr. 375, 397, 400, 402-05, 407, 411, 450, 455, 465-

66, 468, 472, 512-15, 536, 611-13, 635, 650, 655-56. Plaintiff was also prescribed

numerous medications for treatment of these mental health conditions. *See e.g.*, Tr.

400, 466, 513-15. The ALJ also repeatedly notes that there were no "mental health

records" to support Plaintiff's allegations of mental health limitations. Tr. 80-81.

However, as indicated above, the ALJ improperly rejected the only opinion by a

mental health professional in the record as assessed by Dr. Chandler.

Medical expert Dr. Wiseman, whose testimony was given "significant

weight" and whose opinion was cited heavily in the ALJ's decision, testified that

Plaintiff's decrease in activity had more to do with a possible "chronic pain

syndrome" than a musculoskeletal condition. Tr. 136. He also testified that it was

necessary to look at both the physical and psychological aspects of this case (Tr.

136), and acknowledged that he was only presenting himself as a "general

physician" not a psychiatrist or psychologist (Tr. 130). Dr. Sean Mee, Ph.D.,

whose opinion was given "some weight" (Tr. 82), noted increased depression and

anxiety symptoms and a diagnosis of pain disorder as part of the functional

capacity assessment. Tr. 437. Agency evaluator Alfred Scottolini, M.D., noted that

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
29

Plaintiff had an "anxiety disorder" and his anxiety was "distorting his perception of his health problem by exaggerating the intensity of his pain." Tr. 391. In June 2010, Salley S. Jessee, M.D., a DDS agency evaluator whose opinion was given "some weight," found that the DDS must develop the allegations of anxiety and depression. Tr. 395.

For all of these reasons, the ALJ's failure to include anxiety and pain disorder at step two of the sequential analysis was not supported by substantial evidence.  Defendant argues that any error at this step was harmless because the ALJ gave some weight to nonexamining DDS agency psychologist Sean Mee, Ph.D.'s opinion of Plaintiff's limitations when assessing his RFC. ECF No. 19 at 21-22. Defendant is correct that the failure by an ALJ to include an impairment at step two is harmless when the decision reflects that the ALJ considered any limitations posed by the impairment at steps four and five. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). However, the court cannot find the ALJ's error harmless in this case due to the ALJ's improper rejection Dr. Chandler's psychological evaluation and the wholesale failure to consider Plaintiff's extensive treatment history for anxiety and pain disorder. It is unclear whether the ALJ considered all of the limitations posed by anxiety and pain disorder when assessing Plaintiff's RFC. Upon remand, the ALJ should reconsider her findings at step two.

**D. Hypothetical**

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 30

"An ALJ must propound a hypothetical to a VE that is based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations. The hypothetical should be 'accurate, detailed, and supported by the medical record.'" *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). Plaintiff argues that the ALJ erred by not including limitations assessed by Dr. Chandler and Dr. Mee in the hypothetical propounded to the vocational expert. ECF No. 17 at 19-20. The court agrees. First, as discussed above, the ALJ's failure to properly reject Dr. Chandler's opinion is legal error that taints the ALJ's RFC determination and the hypothetical posed to the vocational expert at the hearing. *See* 20 C.F.R. §§ 404.1527(e)(2)(ii) and 416.927(e)(2)(ii).

Specifically, Dr. Chandler opined difficulty in working memory, the ability to follow simple instructions, and "adapting and functioning appropriately within a work setting and sustaining concentration over the course of a traditional workday." Tr. 420. Similarly, Dr. Mee opined moderate limitations in Plaintiff's ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 436. Defendant argues that the hypothetical properly included the functional limitations assessed by Dr. Mee in his narrative functional capacity assessment, as opposed to the checkbox portion of the assessment form. ECF No. 19 at 22-24 (citing Tr. 437). At the hearing, the ALJ

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 31

specifically notes for the record that Dr. Mee opined moderate limitations "under number 11" which is ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 161. He qualifies this opinion, however, by finding that Dr. Mee "specifically stated in his explanatory notes that the claimant is able to carry out a 40-hour workweek from a psychologically-based perspective." Tr. 161. After reviewing the record, the court was unable to find any "explanatory notes" in Dr. Mee's evaluation that indicates Plaintiff was able to perform a 40 hour workweek. Due to this unresolved discrepancy, the hypothetical was not "accurate, detailed, and supported by the medical record." *Osenbrock,* 240 F.3d at 1165. Moreover, this error cannot be considered harmless particularly in light of testimony from the vocational expert that moderate limitations in this category are "central…to competitive employment productivity …. Probably the person would not be able to sustain employment successfully." Tr. 159-160; *see also See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)(finding harmless error when the ALJ's hypothetical properly incorporated limitations consistent with those identified in medical testimony).

On remand the ALJ should reassess the RFC and reconsider the hypothetical posed by the ALJ to ensure it properly included all of Plaintiff's psychological

limitations supported by substantial evidence. *See Osenbrock*, 240 F.3d at 1165

("[a]n ALJ is free to accept or reject restrictions in a hypothetical question that are

not supported by substantial evidence.")

## CONCLUSION

The ALJ's decision was not supported by substantial evidence and free of

legal error. Remand is appropriate when, like here, a decision does not adequately

explain how a conclusion was reached, "[a]nd that is so even if [the ALJ] can offer

proper post hoc explanations for such unexplained conclusions," for "the

Commissioner's decision must stand or fall with the reasons set forth in the ALJ's

decision, as adopted by the Appeals Council." *Barbato v. Comm'r of Soc. Sec.*, 923

F.Supp. 1273, 1276 n. 2 (C.D.Cal.1996) (citations omitted). On remand, the ALJ is

directed to reevaluate the opinions of Dr. Chandler and Ms. Ainge, and provide

legally sufficient reasons for rejecting these opinions supported by the requisite

evidence. If necessary, the ALJ should order another consultative mental health

exam and/or take additional testimony from a mental health expert regarding

Plaintiff's alleged mental health limitations. Additionally, on remand the ALJ will

reconsider the credibility finding, and provide valid reasons supported by

substantial evidence. If necessary, the ALJ will make a new RFC determination

and take additional testimony from a vocational expert. The court expresses no

opinion as to the outcome of the ultimate disability determination on remand.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
33

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **GRANTED**.

   The matter is remanded to the Commissioner for additional proceedings

   pursuant to sentence four 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment, ECF No. 19, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and

provide copies to counsel.

   **DATED** this  28th day of  July, 2014.

                    _____s /Fred Van Sickle_____
                         Fred Van Sickle
                    Senior United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
34